LAWRENCE J. HILTON (State Bar No. 156524)
KATHLEEN A. DONAHUE (State Bar No. 294226)
O'NEIL LLP
19900 MacArthur Boulevard
Suite 1050
Irvine, California 92612
Telephone: (949) 798-0500
Facsimile: (949) 798-0511

ISABELLE M. ANTONGIORGI
DONALD R. TAYLOR
TAYLOR DUNHAM AND RODRIGUEZ LLP
301 Congress Avenue
Suite 1050
Austin, Texas 78701
Telephone: (512) 473-2257
Facsimile: (512) 478-4409

Attorneys for Plaintiffs
SIMPLER TRADING, LLC dba SIMPLER
OPTIONS; JM3 PRODUCTIONS INC. dba
TRADE THE MARKETS; and JOHN CARTER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMPLER TRADING, LLC dba SIMPLER OPTIONS, a Texas limited liability company; JM3 PRODUCTIONS, INC. dba TRADE THE MARKETS, a Texas corporation; and JOHN CARTER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DAN HOANG TRAN, aka TA DA, aka, MARKAY LATIMER, aka CHRIS TATE, *et al.*; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) DIRECT COPYRIGHT INFRINGEMENT [17 U.S.C. § 101, *et seq.*];**<br><br>**(2) FALSE ENDORSEMENT UNDER THE LANHAM ACT [15 U.S.C. § 1125];**<br><br>**(3) COMMERCIAL MISAPPROPRIATION [Cal. Civ. Code §3344];**<br><br>**(4) UNFAIR COMPETITION;**<br><br>**(5) UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code § 17200, *et seq.*]; and**<br><br>**(6) BREACH OF CONTRACT; and**<br><br>**DEMAND FOR JURY TRIAL** |

1  Plaintiffs SIMPLER TRADING, LLC dba SIMPLER OPTIONS ("SO");
2  JM3 PRODUCTIONS, INC. dba TRADE THE MARKETS dba FIBONNACCI
3  QUEEN ("TTM"); and JOHN CARTER, for their causes of action against
4  Defendants DAN HOANG TRAN aka TA DA and DOES 1 through 10, inclusive,
5  allege as follows:

6  ## JURISDICTION AND VENUE

7    1.    This is a civil action for copyright infringement, false endorsement,
8  unfair competition, breach of contract, and injunctive relief arising under the
9  Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, the Lanham Act, 15 U.S.C.
10 §§ 1125, *et seq.*, California Civil Code § 3344, and California unfair competition
11 and unfair business practices law. This Court has jurisdiction over Plaintiffs' claims
12 pursuant to 28 U.S.C. §§ 1331 and 1338, 17 U.S.C. § 501, and 15 U.S.C. §1121(a).

13   2.    Venue in this judicial District is proper under 28 U.S.C. §§ 1391(b) and
14 1400(a) because Defendant TRAN resides in this District, and Plaintiffs are
15 informed and believe and, on that basis, allege that a substantial portion of the
16 events complained of herein occurred in this federal judicial District. Specifically,
17 Defendant TRAN has sold and profited from sales of misappropriated copyrighted
18 material to persons in this judicial District.

19   3.    In addition, the Defendants have used within this District Plaintiff SO's
20 federally registered service mark and corresponding logo, and Plaintiff JOHN
21 CARTER's name, likeness and voice, all in an unauthorized manner, for the purpose
22 of misleading consumers into believing the Plaintiffs endorse or are affiliated with
23 Defendants' business.

24  ## THE PARTIES

25   4.    Plaintiff SIMPLER TRADING, LLC dba SIMPLEROPTIONS.COM
26 dba FIBONNACCI QUEEN ("SO") is a limited liability company organized and
27 existing under the laws of the State of Texas, having its principal place of business
28 in the City of Austin, Texas.

#143146 v1

2

COMPLAINT

5.      Plaintiff JM3 PRODUCTIONS, INC. dba TRADE THE MARKETS ("TTM") is a corporation organized and existing under the laws of the State of Texas, having its principal place of business in the City of Austin, Texas.

6.      Plaintiff JOHN CARTER ("CARTER") is an individual and is a resident of the State of Texas.

7.      Plaintiffs are informed and believe and, on that basis, allege that Defendant DAN HOANG TRAN ("TRAN") is an individual and a resident of Baldwin Park, California.   Plaintiffs are further informed and believe and, on that basis, allege that TRAN conducts business under various fictitious names, including TA DA, DA TRA, MARKAY LATIMORE, RON WAGNER, and CHRIS TATE, and others.   Plaintiffs will amend this Complaint to allege the identities of other Defendants as they become known to Plaintiffs.

8.      Defendant DOES 1 through 10, inclusive, are sued herein under fictitious names, their true names and capacities currently being unknown to Plaintiffs.   Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.   Plaintiffs are informed and believe and, on that basis, allege that each of the fictitiously-named Defendants is responsible in some manner for the events and occurrences herein alleged and that Plaintiffs' damages as herein alleged were proximately caused by such Defendants.

9.      Plaintiffs are informed and believe and, on that basis, allege that at all times herein mentioned each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## FACTS COMMON TO ALL COUNTS

10.   Plaintiffs re-allege and incorporate herein by this reference as though set forth in full each and every allegation contained in Paragraphs 1 through 9, inclusive.

*The Copyrighted Works and Trademarks*

11.   TTM and SO are web-based businesses that provide analyses and educational content regarding financial markets through their respective websites, www.tradethemarkets.com and www.simpleoptions.com.  TTM's products address futures and commodities markets; SO's products address options.

12.   Customers may visit TTM's and SO's respective websites and become "members" of the TTM and SO trader communities.   Customers are invited to purchase various products, including TTM and SO educational webinars and software called "indicators," which are utilized in the technical analysis of securities by forecasting the direction of prices through the study of past market data, primarily price and volume.

13.   All webinars are posted on a secure member webpage.  Members are provided with unique logins that allows the customers to access only the webinars and products they have purchased.  Members are permitted to download webinars, but only for their own personal use.

14.   All of TTM's and SO's webinars and software are copyrighted works. SO's Terms of Use (which customers agree to with every purchase) provide as follows:

> Do not reprint, republish, repost or otherwise distribute or transmit content or images presented on this site. Downloading is easy, but just because you may be able to copy our content doesn't mean you own it.  Unauthorized use of or copying of our content, trademarks, and other proprietary materials can subject you to civil or even

criminal liability.   Unauthorized distribution of our indicators, indicator source code, information pertaining to any of our software, or instructions on where to find said information is strictly prohibited.  **Limitations on Use. You agree and represent that you are buying products for your own internal use and not for resale.  Please don't violate our copyright.**

. . .

Copyright and Trademark Law

All editorial content and graphics on this site are protected by U.S. copyright and international treaties and may not be copied or re-used without the express written permission of this site, which reserves all rights.

SO Terms of Use at ¶ 2, p. 2, www.simpleroptions.com/public/73.cfm.

15.   Similarly, TTM's Terms of Use (also agreed to by the customer with each purchase) provide as follows:

Purchase Agreement/End User License Agreement:

Purchaser of any TradetheMarkets.com course, DVD, CD ROM, software, book, or other product hereby agrees that they are the End User and may not rent, resell, lease nor otherwise resell neither the content nor the video they have purchased in any manner, by any venue. . . . **Purchaser may not resale this or any www.TradetheMarkets.com product via eBay, any other online auction site, nor any online classified forum nor any other resale venue of any kind.**

. . .

1    Do not reprint, republish, repost, or otherwise distribute or

2    transmit content or images presented on this site.

3    Downloading is easy, but just because you may be able to

4    copy our content doesn't mean you own it.  Unauthorized

5    use of or copying of our content, trademarks, and other

6    proprietary material can subject you to civil and even

7    criminal liability.  Please don't violate our copyright.

8

9    Copyright and Trademark Law

10   All editorial content and graphics on this site are protected

11   by US copyright and international treaties and may not be

12   copied or re-used without the express written permission

13   of tradethemarkets.com, which reserves all rights.

14   TTM Terms of Use pp. 2, 3, www.tradethemarkets.com/public/department11.cfm.

15   16.   Each DVD of SO and TTM is likewise marked with the copyright

16   symbol "©," respectively indicating a copyright of SO or TTM.

17   17.   CARTER is a principal of both TTM and SO and regularly appears on

18   their webinars.

19   18.   TTM's and SO's webinars, indicators, and other educational materials

20   are hereinafter referred to as "Copyrighted Works" and "SO Copyright Works" and

21   "TTM Copyright Works" respectively.

22   19.   SO is also the owner and registrant of the service mark "Simpler

23   Options" (the "Mark"), which is published on the Principal Register as Serial

24   Number 85653122, for goods and services including "[p]roviding an interactive

25   website featuring technology that allows users to participate in live options trading,

26   view live videos that are taking place, and engage in discussions with other users."

27   *See*                    SO                    Trademark                    Certificate,

28

http://tsdr.uspto.gov/#caseNumber=85653122&caseType=SERIAL_NO &searchType=statusSearch.

*Copyright and Trademark Infringement*

20.   Defendant TRAN has repeatedly and willfully infringed on Plaintiffs' copyright and trademarks and has been engaging in this criminal conduct under the cover various aliases since at least November of 2013.

21.   TRAN has marketed and sold—and continues to market and sell— pirated product via email through various aliases and email addresses; he offers "group buys" or "cost shares" of TTM's and SO's Copyrighted Works and utilizes the Mark in his solicitations.[1]

22.   Payments are made to various PayPal accounts.

23.   TRAN then emails his customers links to "sendspace.com" to download and view the materials or mails the customers a DVD.

---

[1] Defendant formerly utilized a website, Pro-Traders-Zone.com, by a foreign provider not subject to the Digital Millennium Copyright Act. Pro-traders-zone.com is no longer an active website. However, TRAN continues to market the copyrighted product through emails.

#143146 v1

COMPLAINT

24.     As reflected in the following photos of pirated DVDs received by Plaintiffs, TRAN rather crudely burns a DVD copy and marks it with a Sharpie pen:





25.     After considerable effort and expense, Plaintiffs identified Defendant TRAN as the copyright pirate by determining the unique customer ID associated with the pirated materials and engaging a private investigator to identify the pirate by witnessing the individual picking up the DVDs ordered by that customer.

## CAUSES OF ACTION

26.     If and to the extent they conflict, the following causes of action are pled in the alternative.

## FIRST CAUSE OF ACTION

(Violation of the Copyright Act By Plaintiff SO Against All Defendants Pursuant to 17 U.S.C. § 501 *et seq*)

27.     Plaintiffs re-allege and incorporate herein by this reference as though set forth in full each and every allegation contained in Paragraphs 1 through 25, inclusive.

28. As the owner of the SO Copyrighted Works, Plaintiff SO has the exclusive rights to do and to authorize any of the following: (1) to reproduce the SO Copyrighted Works; (2) to prepare derivative works based upon the SO Copyrighted Works; (3) to distribute copies of the SO Copyrighted Works to the public; and (4) to display the SO Copyrighted Works publicly.

29. The aforesaid acts of the Defendants constitute many counts of willful copyright infringement, and specifically one count of copyright infringement for each unauthorized copy, email link, download or stream via the internet, and each of them of the SO Copyrighted Works, all in violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, including violation of the exclusive rights granted to copyright owners under 17 U.S.C. § 106. Plaintiff will be able to specify the precise number of counts after physical inspection of Defendants' computer system or systems.

30. As a direct and proximate result of Defendants' infringement of Plaintiff SO's copyrights and exclusive rights under the Copyright Act, Plaintiff SO is entitled to damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b).

31. Plaintiff SO further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

32. By reason of the acts of Defendants alleged herein, Plaintiff SO has suffered, is suffering, and will continue to suffer irreparable damage and, unless the said Defendants are restrained from continuing their wrongful acts, the damage to Plaintiff SO will increase. Pursuant to 17 U.S.C. § 502, Plaintiff SO is entitled to preliminary and permanent injunctions prohibiting further infringements of its copyrights and exclusive rights under copyright.

1

## SECOND CAUSE OF ACTION

2   (Violation of the Copyright Act By Plaintiff TTM Against All Defendants Pursuant

3   to 17 U.S.C. § 501 *et seq*)

4      33.    Plaintiffs re-allege and incorporate herein by this reference as though

5   set forth in full each and every allegation contained in Paragraphs 1 through 25,

6   inclusive.

7      34.    As the owner of the TTM Copyrighted Works, Plaintiff TTM has the

8   exclusive rights to do and to authorize any of the following: (1) to reproduce the

9   TTM Copyrighted Works; (2) to prepare derivative works based upon the TTM

10  Copyrighted Works; (3) to distribute copies of the TTM Copyrighted Works to the

11  public; and (4) to display the TTM Copyrighted Works publicly.

12     35.    The aforesaid acts of the Defendants constitute many counts of willful

13  copyright infringement, and specifically one count of copyright infringement for

14  each unauthorized copy, email link, download or stream via the internet of the TTM

15  Copyrighted Works, and each of them, all in violation of the Copyright Act of 1976,

16  17 U.S.C. § 101, *et seq*., including violation of the exclusive rights granted to

17  copyright owners under 17 U.S.C. § 106.  Plaintiff TTM will be able to specify the

18  precise number of counts after physical inspection of Defendants' computer system

19  or systems.

20     36.    As a direct and proximate result of Defendants' infringement of

21  Plaintiff TTM's copyrights and exclusive rights under the Copyright Act, Plaintiff

22  TTM is entitled to damages as well as Defendants' profits pursuant to 17 U.S.C.

23  § 504(b).

24     37.    Plaintiff TTM further is entitled to its attorneys' fees and full costs

25  pursuant to 17 U.S.C. § 505.

26     38.    By reason of the acts of Defendants alleged herein, Plaintiff TTM has

27  suffered, is suffering, and will continue to suffer irreparable damage and, unless the

28  said Defendants are restrained from continuing their wrongful acts, the damage to

Plaintiff will increase.  Pursuant to 17 U.S.C. § 502, Plaintiff TTM is entitled to preliminary and permanent injunctions prohibiting further infringements of its copyrights and exclusive rights under copyright.

## THIRD CAUSE OF ACTION

(Violation of the Lanham Act By Plaintiff SO Against All Defendants Pursuant to 15 U.S.C. § 1125)

39.    Plaintiff SO realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in Paragraphs 1 through 25, inclusive.

40.    Plaintiff SO is the owner and registrant of the Mark (as defined hereinabove) for use in connection with providing an interactive website featuring technology that allows users to participate in live options trading, view live videos that are taking place, and engage in discussions with other users.

41.    The Mark has obtained significant secondary meaning and goodwill throughout the United States.

42.    The aforesaid activities of Defendants TRAN and DOES 1 through 10 constitute false endorsement under the Lanham Act.  Specifically, Defendants' use of the Mark in their emails and previously on their website to promote their unauthorized sale of copies of the SO Copyrighted Materials is likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of Defendant's business with SO, or as to SO's sponsorship or approval of the Defendants' business.

43.    As a direct and proximate result of Defendants' unauthorized use of the Mark, Plaintiff SO is entitled to recover any profits earned by Defendants as a result of such wrongful actions, and damages suffered by SO according to proof at trial.

44.    The actions of Defendants as alleged hereinabove constitute exceptional circumstances such that an award of SO's attorneys' fees is appropriate.

45.     By reason of the acts of Defendants as alleged herein, Plaintiff SO has suffered, is suffering, and will continue to suffer irreparable damage and, unless the said Defendants are restrained from continuing their wrongful acts, the damage to Plaintiff will increase.  Pursuant to 15 U.S.C. § 1116, SO is entitled to preliminary and permanent injunctions prohibiting further unauthorized use of the Mark in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to SO's  affiliation, connection, or association with Defendants' business, or SO's sponsorship or approval of the business.

## FOURTH CAUSE OF ACTION

### (Breach of Contract by SO against all Defendants)

46.     Plaintiffs re-allege and incorporate herein by this reference as though set forth in full each and every allegation contained in Paragraphs 1 through 25, inclusive.

47.     When purchasing the SO Copyrighted Works, Defendants agreed to SO's Terms of Use.  Plaintiff SO performed its contractual obligations under the contract.  By the conduct complained of herein, Defendants breached the contract, causing SO injury.

## FIFTH CAUSE OF ACTION

### (Breach of Contract by TTM against all Defendants)

48.     Plaintiffs re-allege and incorporate herein by this reference as though set forth in full each and every allegation contained in Paragraphs 1 through 25, inclusive.

49.     When purchasing the TTM Copyrighted Works, Defendants agreed to TTM's Terms of Use.  Plaintiff TTM performed its contractual obligations under the contract.  By the conduct complained of herein, Defendants breached the contract, causing TTM injury.

**SIXTH CAUSE OF ACTION**

(Violation of Cal. Civ. Code § 3344 (Commercial Misappropriation) by

JOHN CARTER Against All Defendants)

50.    Plaintiff JOHN CARTER re-alleges and incorporates herein by this reference as though set forth in full each and every allegation contained in Paragraphs 1 through 25, inclusive.

51.    Defendants have used Plaintiff JOHN CARTER'S name, likeness and voice in connection with their business, including through the dissemination of emails using JOHN CARTER'S name, and by displaying video images of JOHN CARTER and audio recordings of JOHN CARTER on their website or websites.

52.    Defendant's use of JOHN CARTER'S name, likeness and voice was without JOHN CARTER'S consent, and was used for the Defendants' commercial advantage.

53.    As a direct and proximate result of Defendants' unauthorized use of the JOHN CARTER'S name, likeness and voice, Plaintiff JOHN CARTER has sustained injury in an amount to be proved at trial, and JOHN CARTER is also entitled to recover any profits earned by Defendants as a result of such wrongful actions, along with reasonable attorneys' fees.

54.    By reason of the acts of Defendants as alleged herein, Plaintiff JOHN CARTER has suffered, is suffering, and will continue to suffer irreparable damage and, unless the said Defendants are restrained from continuing their wrongful acts, the damage to Plaintiff will increase. JOHN CARTER is therefore entitled to preliminary and permanent injunctions prohibiting further unauthorized use of his name, likeness and voice, in a manner that is used for Defendants' commercial advantage, including any manner that suggests that JOHN CARTER has any affiliation, connection, or association with Defendants' business.

55.    Defendants' actions as alleged hereinabove were committed in a manner such that they are guilty of oppression, fraud or malice, as those terms are

used in California Civil Code section 3294, and exemplary damages should therefore be awarded.

**SEVENTH CAUSE OF ACTION**

(Unfair Competition Against All Defendants)

56.   Plaintiffs reallege and incorporate herein by this reference as though set forth in full each and every allegation contained in Paragraphs 1 through 25, inclusive.

57.   Defendants' misuse of the Copyrighted Works and Defendants' unauthorized and confusing use of the Mark and the name, likeness and voice of JOHN CARTER have enabled Defendants to misappropriate valuable property that Plaintiffs has invested substantial time, skill or money in developing.

58.   Defendants' actions enabled them to appropriate, use and profit from Plaintiffs' intellectual property at little or no cost to Defendants.

59.   Defendants' appropriation and use of Plaintiffs' intellectual property was without the authorization or consent of Plaintiffs.

60.   Defendants' unlawful and unfair business acts and practices are a direct and proximate cause of injury to Plaintiffs.

61.   Plaintiffs are informed and believe and, on that basis, allege that Defendants' actions alleged above were deliberate, willful, malicious, oppressive, and without regard to Plaintiffs' proprietary rights.

62.   Defendants' wrongful acts have proximately caused and will continue to cause Plaintiffs substantial and irreparable injury, including loss of customers, dilution of goodwill, confusion of potential customers, injury to reputation, and diminution in the value of its intellectual property.

## FIFTH CAUSE OF ACTION

### (Unfair Business Practices Against All Defendants)

63.    Plaintiffs reallege and incorporate herein by this reference as though set forth in full each and every allegation contained in Paragraphs 1 through 25, inclusive.

64.    The actions of Defendants as alleged herein constitute an unlawful, unfair or fraudulent business practice within the meaning of California Business & Professions Code section 17200.

65.    By reason of the acts of Defendants alleged herein, Defendants have wrongfully obtained economic benefits, at the direct expense of Plaintiffs and to Plaintiffs' detriment, in an amount to be proven at trial.

66.    Plaintiffs are entitled to restitution of the benefits Defendants have wrongfully obtained through their unlawful, unfair or fraudulent business practices as alleged hereinabove.

67.    By reason of the unlawful, unfair or fraudulent business practices of Defendants alleged herein, Plaintiffs have suffered, are suffering, and will continue to suffer, irreparable damage unless Plaintiffs are granted, preliminarily during the pendency of this action, and thereafter permanently, an injunction preventing Defendants from continuing their unlawful, unfair and/or fraudulent business practices.

### PRAYER

68.    **WHEREFORE,** Plaintiffs SIMPLER TRADING, LLC dba SIMPLER OPTIONS; JM3 PRODUCTIONS LLC dba TRADE THE MARKETS, and JOHN CARTER pray for judgment against Defendants DAN HOANG TRAN aka TA DA and DOES 1 through 10 as follows:

(A)    That the Court enter judgment in favor of Plaintiffs and against Defendants on all counts;

(B)  That the Court issue a preliminary and permanent injunction order enjoining and restraining Defendants and their agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

1. directly infringing, contributorily infringing or authorizing infringement of any of the Copyrighted Works by (1) reproducing the Copyrighted Works; (2) preparing derivative works based upon the Copyrighted Works; (3) distributing copies of the Copyrighted Works to the public or offering the Copyrighted Works for sale to the public; or (4) displaying the Copyrighted Works publicly;

2. directly infringing any of the Copyrighted Works by operating any other website that allows users, without authorization, to (1) reproduce the Copyrighted Works; (2) prepare derivative works based upon the Copyrighted Works; (3) distribute copies of the Copyrighted Works to the public; or (4) display the Copyrighted Works publicly;

3. using the name, likeness or voice of JOHN CARTER for any purposes associated with their business;

4. using the Mark in any manner that suggests that Plaintiffs have any association or affiliation with Defendants or their business, or suggesting the Plaintiffs endorse Defendants' business; and

5. engaging in any other activity constituting unfair competition and deceptive trade practices against

Plaintiffs, or constituting an infringement or contributory infringement of Plaintiffs' intellectual property (including names, voices and likenesses), or constituting any damage to Plaintiffs' intellectual property, reputation or goodwill;

(C) That the Court order impoundment Defendants' computers and any other devices used to facilitate the copyright violations complained of herein;

(D) The Court issue an injunction freezing (a) all of Defendants' PayPal accounts; and (b) Defendants' bank accounts to preserve the evidence and misappropriated funds which are otherwise likely to be destroyed or absconded with in light of Defendants' deliberate criminal misconduct;

(E) That judgment be entered in favor of Plaintiffs and against Defendants for statutory damages resulting from Defendants' copyright infringement under the Copyright Act;

(F) That judgment be entered in favor of Plaintiffs and against Defendants for statutory damages resulting from Defendants' trademark infringement under the Lanham Act;

(G) The judgment be entered in favor of Plaintiffs and against Defendants for all profits received due to Defendants' copyright infringement in violation of the Copyright Act and for Defendants' commercial misappropriation of JOHN CARTER'S name, voice and likeness in violation of California Civil Code Section 3344;

(H)     For an order requiring Defendants to pay as restitution to Plaintiffs all sums both gained by Defendants and lost by Plaintiffs as a result of Defendants' unfair business practices, including those in violation of California law;

(I)     That Defendants be required to account for and to pay over to Plaintiffs all of the Defendants' profits earned by reason of Defendants' unlawful acts alleged herein, and that such amounts be trebled as provided by law;

(J)     That the Court issue an order requiring each Defendant to file with this Court and serve on Plaintiffs within thirty (30) days after service of an injunction a report, in writing, under oath, setting forth in detail the manner and form in which each Defendant has complied with the injunction;

(K)     That the Court award Plaintiffs their reasonable attorneys' fees and costs of suit incurred herein;

(L)     That Plaintiffs be awarded prejudgment and post-judgment interest on the above damages awards; and

(M)     That Plaintiffs be awarded such other and further relief as the Court deems just and proper just.

DATED: August 14, 2014            O'NEIL LLP
                                  LAWRENCE J. HILTON
                                  KATHLEEN A. DONAHUE

                                  TAYLOR DUNHAM AND RODRIQUEZ, LLP
                                  ISABELLE M. ANTONGIORGI
                                  DONALD R. TAYLOR

                                  By: _____
                                        Lawrence J. Hilton

#143146 v1                               19
                                       COMPLAINT

Attorneys for Plaintiffs SIMPLER TRADING, LLC dba Simpler Options, JM3 PRODUCTIONS LLC, and JOHN CARTER

1

### DEMAND FOR JURY TRIAL

2

     69.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs

3

hereby demand a jury trial on all issues triable to a jury.

4

5

DATED:  August 14, 2014

O'NEIL LLP
LAWRENCE J. HILTON
KATHLEEN A. DONAHUE

6

7

TAYLOR DUNHAM AND RODRIQUEZ, LLP
ISABELLE M. ANTONGIORGI
DONALD R. TAYLOR

8

9

10

By: _____
           Lawrence J. Hilton

11

Attorneys for Plaintiffs SIMPLER TRADING,
LLC, JM3 PRODUCTIONS LLC, and JOHN
CARTER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28