1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

9
10
11
12

SIMPLER TRADING, LLC dba SIMPLER OPTIONS, a Texas limited liability company; JM3 PRODUCTIONS, INC. dba TRADE THE MARKETS, a Texas corporation; and JOHN CARTER, an individual,

13          Plaintiffs,

14     v.

15
16
17

DAN HOANG TRAN, aka TA DA, aka, MARKAY LATIMER, aka CHRIS TATE, *et al.*; and DOES 1 through 10, inclusive,

18          Defendants.

Case No. 2:14-cv-06405-DSF (MRWx)

**PRELIMINARY INJUNCTION**

19
20
21
22
23
24
25
26
27
28

Plaintiffs Simpler Trading, LLC dba Simpler Options and John Carter (collectively, "Plaintiffs") have brought a motion for preliminary injunction and order authorizing Plaintiffs to conduct expedited discovery (the "Motion").  No opposition has been filed.  The Court deems this matter appropriate for decision without oral argument.  <u>See</u> Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for October 6, 2014 is removed from the Court's calendar.  The Court has considered Plaintiffs' papers in support of the Motion and finds that:

1.	Simpler Options is the owner of the trademark "SIMPLER OPTIONS" for use in providing an interactive website featuring technology that allows users to participate in live options trading, view live videos, and engage in discussions with other users (the "Mark");

2.	Plaintiffs are likely to succeed in proving that defendant Dan Hoang Tran ("Tran" or "Defendant") is infringing Simpler Options' rights in the Mark by selling unauthorized and counterfeit copies of Simpler Options' webinars, and that Defendant has used plaintiff John Carter's name and likeness without his authorization;

3.	Plaintiffs will suffer immediate and irreparable injury if a preliminary injunction is not issued;

4.	The harm to Plaintiffs in denying the Motion outweighs the harm to any legitimate interest of Defendant; but

5.	No good cause appears for an asset freeze.  The showing in the preliminary injunction motion is substantially identical to the one that the Court found insufficient when it considered the ex parte application for a temporary restraining order.  The Court also sees no compelling reason to order expedited discovery at this time.

In light of those findings, it is HEREBY ORDERED that, pending the resolution of this action, Defendant and his agents, servants, employees, attorneys,

and those in active concert or participation with him are, until further order of this Court, enjoined from:

    (a) imitating, copying, counterfeiting, or making unauthorized use of Plaintiff's Simpler Options' Mark;

    (b) using the Mark in connection with the distribution, sale, offering for sale, promoting, or otherwise disposing of, any product including Plaintiffs' online options-trading training webinars, any DVD or video copies of the Webinars and any related course materials (collectively, (the "Webinars");

    (c) using John Carter's name or likeness in connection with the distribution, sale, offering for sale, promoting, or otherwise disposing of, any product including Plaintiffs' Webinars;

    (d) using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Mark;

    (e) using any false designation of origin or false description that can, or is likely to, lead the public or individual members thereof to believe that any product manufactured, distributed, or sold by Defendant is in any manner associated with or connected with Plaintiffs or is sold, manufactured, licensed, sponsored, or approved or authorized by Plaintiffs;

    (f) engaging in any other activity constituting an infringement of the Mark or John Carter's name or likeness, or otherwise unfairly competing with Plaintiffs; and

    (g) destroying, modifying, disposing of, concealing, or moving the following:

(1) any products incorporating the Mark or John Carter's name and/or likeness;

(2) any devices or elements used for making copies of the Webinars;

(3) any devices used to host any website that (i) offered for sale or distribution any of the Webinars, (ii) used the Mark in any way, or (iii) used the name and/or likeness of John Carter;

(4) any digital files that contain any of the Webinars, or any part thereof;

(5) any documents, including electronically-stored information, making any reference to the Webinars or to John Carter, including emails sent to or received from Plaintiffs or any third parties (including emails sent to prospective purchasers of the Webinars);

(6) any documents, including electronically-stored information, evidencing any payments made to or received by Defendant in connection with the sale of the Webinars, including all PayPal records, cash receipts, credit card records, wire transfer records and bank account records;

(7) any documents, including electronically-stored information, reflecting the name, address, email account, or telephone number of any person or entity with whom Defendant had communications mentioning the Mark, the Webinars or John Carter; and

        (8)    the hard drive of any device containing any of the documents described in Sub-paragraphs 2(a)-(g).

IT IS FURTHER ORDERED that this Order shall become effective on Plaintiffs' posting of a bond in the amount of $10,000 for the payment of such costs and damages as may be incurred or suffered by Defendant if it is later determined that the relief herein was improvidently granted.

**IT IS SO ORDERED.**

DATED: 10/3/14

*/s/ Dale S. Fischer*
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE