JS 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMPLER TRADING, LLC dba SIMPLER OPTIONS, a Texas limited liability company; JM3 PRODUCTIONS, INC. dba TRADE THE MARKETS, a Texas corporation; and JOHN CARTER,<br><br>Plaintiffs,<br><br>v.<br><br>DAN HOANG TRAN, aka TA DA, aka MARKAY LATIMER, aka CHRIS TATE, *et al.*; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:14-cv-06405-DSF-MRW<br><br>**STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiffs SIMPLER TRADING, LLC dba SIMPLER OPTIONS ("SO"); JM3 PRODUCTIONS, INC. dba TRADE THE MARKETS ("TTM"); and JOHN CARTER ("CARTER"); and Defendant DAN HOANG TRAN, aka TA DA ("TRAN"), having entered into a Stipulation for Entry of Final Judgment and Permanent Injunction:

**IT IS ORDERED, ADJUDGED AND DECREED:**

1. This Court has jurisdiction of the subject matter hereof and the parties hereto for purposes of these proceedings and this Judgment.

2. Venue is proper in this Court.

3. The injunctive provisions of this Judgment shall apply to Defendant TRAN, as well as his agents, employees, successors and assigns, and all other persons acting under the direction of, in concert with, or affiliated with him.

4. TTM and SO are web-based businesses that provide analyses and educational content regarding financial markets through their respective websites, www.simpleroptions.com and www.tradethemarkets.com. Their products include webinars, DVDs, written materials, and videos—many of which feature John Carter— that constitute copyrighted and copyrightable products ("Plaintiffs' Works").

5. Additionally, SO is also the owner and registrant of the service mark "Simpler Options" (the "Mark"), which is published on the Principal Register as Serial Number 85653122.

6. Defendant TRAN violated Plaintiffs' rights under the common law, the Copyright Act, the Lanham Act, and California Business and Professions Code § 17200, *et seq* by making and selling unauthorized, counterfeit copies of Plaintiffs' Works and using Plaintiffs' Mark without authorization and identifying a false designation of origin and/or false description of the goods or services.

7. Defendant TRAN also violated Plaintiff Carter's rights under California Civil Code section 3344 by using Carter's name, voice, photograph, and likeness for advertising, selling, and/or soliciting purposes without authorization.

8. Defendant TRAN, as well as his agents, employees, successors and assigns, and all other persons acting under the direction of, in concert with, or

affiliated with him, shall be and are permanently **ENJOINED** and **RESTRAINED** from:

    (a) subscribing to any TTM or SO websites or services;

    (b) purchasing any products or services from SO or TTM;

    (c) exploiting, marketing, featuring, displaying, or in any way using any trade name, trademark, trade dress, or logo of SO or TTM, including but not limited to "Simpler Options," "Trade the Markets," "TTM," and Fibonacci Queen."

    (d) in any way suggesting or representing that SO, TTM, or Carter are in any way associated with or endorses Defendant Tran or any commercial enterprise or activity of Tran;

    (e) selling, marketing, offering, trading in, copying, producing, reproducing or in any way exploiting or using any Plaintiffs' Works or any works derivative of any Plaintiffs' Works;

    (f) selling, marketing, offering, trading in, copying, producing, reproducing or in any way using or exploiting Carter's image, likeness, or voice;

    (g) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the foregoing activities.

Defendant Tran shall take all actions necessary to effectuate the foregoing.

9. SO is granted a monetary award in the total amount of $60,000, consisting of:

    (a) Actual damages of $20,000;

    (b) Exemplary damages of $10,000; and

    (c) Attorneys' fees, costs and expenses in the amount of $30,000.

10. Nonexclusive jurisdiction is retained by the Court for the purpose of enabling any party to the Judgment to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the construction or the carrying out of this Judgment, for the modification of the injunctive provisions hereof, for enforcement of compliance herewith, and for the punishment of violations hereof, if any.

**IT IS SO ORDERED.**

DATED: 11/30/15

*Dale S. Fischer*

Hon. Dale S. Fischer
UNITED STATES DISTRICT JUDGE